UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SULAIMAN DOSOUQI,

    Plaintiff,

    v.

GERARD HEINAUAER, et al.,

    Defendants.

_____/

No. C 12-3946 PJH

**ORDER RE CROSS-MOTIONS FOR SUMMARY JUDGMENT AND MOTION TO DISMISS**

Before the court are defendants' motion to dismiss and motion for summary judgment, along with plaintiff's cross-motion for summary judgment. The motions came on for hearing before this court on February 20, 2013. Plaintiff Sulaiman Dosouqi appeared through his counsel, Anna Benvenue. Defendants[1] appeared through their counsel, Jessica Dawgert. Having read the papers filed in conjunction with the motions and carefully considered the arguments and relevant legal authority, and good cause appearing, the court hereby DENIES defendants' motion to dismiss, DENIES plaintiff's motion for summary judgment, and GRANTS defendants' motion for summary judgment, for the reasons stated at the hearing, and as follows.

Defendants move to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) (for lack of subject matter jurisdiction) and 12(b)(6) (for failure to state a claim). The issues raised by their motion have been addressed by a number of previous cases in this district. First, as to the lack of subject matter jurisdiction, courts in this district have recognized that jurisdiction exists over a suit that seeks to compel USCIS to adjudicate a

---

[1] The defendants in this case are U.S. Citizenship & Immigration Services ("USCIS"), Gerard Heinauaer (director of USCIS' Nebraska Service Center), Robin Barrett (field office director of USCIS' San Francisco office), Alejandro Mayorkas (director of USCIS), the Department of Homeland Security ("DHS"), Janet Napolitano (Secretary of DHS), and Eric Holder (U.S. Attorney General).

pending petition for adjustment of status. See, e.g., Liu v. Chertoff, 2007 WL 2119427 (N.D. Cal. July 23, 2007) (citing cases). The Liu court concluded that USCIS has a mandatory, non-discretionary duty to adjudicate a petition for adjustment of status within a reasonable time. Id. While the actual decision on the adjustment application is discretionary, and therefore unreviewable, "the pace of doing so" is not committed to agency discretion. Beyene v. Napolitano, 2012 WL 2911838 (N.D. Cal. July 13, 2012) (emphasis in original). The court agrees with the reasoning of Liu and Beyene, and finds that there is jurisdiction over plaintiff's claim. Defendants' motion to dismiss for lack of subject matter jurisdiction is DENIED.

As to plaintiff's alleged failure to state a claim, this issue has also been addressed by a number of cases within this district. See, e.g., Beyene, 2012 WL 2911838 at *3-4; Islam v. Heinauer, 2011 WL 2066661 (N.D. Cal. May 25, 2011). The defendants in Beyene and Islam argued, as the defendants here argue, that plaintiff cannot state a claim for relief because the delayed processing of his application actually inures to his benefit. However, plaintiff has alleged that the delayed processing of his adjustment application causes him irreparable harm, in the form of preventing him from becoming a lawful permanent resident of this country. See Complaint at ¶ 21. The plaintiff in Islam made the same argument, which led the court to conclude that "it is not only possible - it is plausible - that Islam could benefit from a final adjudication on his I-485 application." 2011 WL 2066661 at *4. The court agrees with the reasoning of Islam, and finds that plaintiff's allegations are sufficient to state a claim for relief. Thus, defendants' motion to dismiss for failure to state a claim is DENIED.

Finally, the parties have filed cross-motions for summary judgment. The parties each cite a number of cases involving the same issue here; namely, whether the delay in processing a I-485 adjustment application by an asylee who had previous involvement with a Tier III terrorist organization, and whose application was held up due to the possibility of a discretionary exemption, is unreasonable, such that the court should order USCIS to rule

2

on the pending application. Because the facts are so similar in the cases cited by the parties, the length of the delay is the dispositive fact in nearly all of the cases. As the Beyene court noted, "[g]enerally, courts evaluating the pace of I-485 application determinations that have been placed on hold due to terrorist-related inadmissibility findings have found delays approaching ten years to be unreasonable." Beyene, 2012 WL 2911838 at *6 (citing cases). "On the other hand, courts have found delays of two, three, and four years to be reasonable." Id. In Beyene, the court ultimately concluded that a five year delay was not unreasonable, and granted summary judgment in favor of the government. Id. at *9. However, in another Northern District case, a five year delay was found to be unreasonable. Quereshi v. Napolitano, 2012 WL 2503828 (N.D. Cal. June 28, 2012). The key difference between those cases was that, in Quereshi, the plaintiff was separated from his wife and family as a result of USCIS' delay, whereas there was no such harm in Beyene.

Here, the court finds that the facts of plaintiff's case are more similar to Beyene than to Quereshi. The harm complained about by plaintiff is the type of harm present in any case where the processing of an adjustment application is delayed; namely, the inability to enjoy the privileges of legal permanent resident status. There is no additional harm of the type shown in Quereshi. Thus, the court follows the reasoning of Beyene (and Islam, in which a three-year delay was held to be not unreasonable), GRANTS defendants' motion for summary judgment, and DENIES plaintiff's motion for summary judgment. However, this decision is made without prejudice, as the delay in processing plaintiff's adjustment application may become unreasonable at some point in the future.

**IT IS SO ORDERED.**

Dated: February 22, 2013

PHYLLIS J. HAMILTON
United States District Judge

3